**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARIJA STONE,**

      **Plaintiff,**

**v.**                                              **Case No. 8:05-cv-636-T-30TBM**

**GEICO GENERAL INSURANCE**
**COMPANY,**

      **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Restrict Plaintiff's *Ex Parte* Communications with Former and Current Employees** (Doc. 16), Defendant's **Motion for Time in Excess of Seven Hours to Take Plaintiff's Deposition** (Doc. 17), and Plaintiff's responses in opposition (Docs. 19, 22, respectively).

By its motion to restrict Plaintiff's communications with former and current employees, Defendant argues that Plaintiff's counsel should be required to follow the guidelines set forth in NAACP v. Florida, 122 F. Supp. 2d 135 (M.D. Fla. 2000). Defendant argues that these guidelines ensure that *ex parte* communications with former or current employees, either managerial or control group employees or "rank and file" employees, do not result in Rule 801 admissions of the Defendant as a party-opponent.

In response, Plaintiff opposes the motion in general because it demonstrates no problem or discovery abuse needing such proposed remedy. Plaintiff advises that her counsel is fully aware of his ethical duties in this regards and in fact has already agree not to interview current employees who are managerial or "control group" employees whose statements may

bind the corporation.  As to low level current employees or any level of former employees, Plaintiff argues her contact with such persons has been or will be consistent with the ethical rules and that any further limitations with counsel's informal contact with these witnesses would unfairly prejudice her in her informal discovery and factfinding.

Rule 4-4.2 of the Rules Regulating the Florida Bar states:  "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer."  The Comment to Rule 4-4.2 clarifies that the rule prohibits communications with "persons having a managerial responsibility on behalf of the organization and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization." Comment, Fla. Bar Rule 4-4.2.  In a 1989 ethics opinion, the Florida Bar Professional Ethics Committee determined that this rule does not proscribe *ex parte* communication with former managers and other former employees of a corporation who have not maintained any ties with the corporation and have not sought or consented to be represented by the corporation's attorneys.  Fla. Bar Prof. Ethics Comm., Op. 88-14 (1989).  Citing to and following this ethics opinion, the Florida Supreme Court in H.B.A. Management, Inc. v. Estate of May Schwartz, 693 So. 2d 541 (Fla. 1997), construed Rule 4-4.2 to concern only current employees and agents whose actions may impute liability to the corporation or whose statements may constitute admission of the corporation.

Because the Eleventh Circuit has not issued a definitive ruling on this issue, the court finds persuasive the reasoning in HBA and Florida Bar ethics opinion 88-14.[1]  Nothing in Rule 4-4.2 prevents Plaintiff's counsel from contacting and interviewing witnesses who are former employees of Defendant without prior notification to and consent from Defendant's counsel.  Thus, to the extent that Defendant's motion seeks a restriction of Plaintiff's contact with former employees, the motion is denied.

As to current employees of the Defendant, Plaintiff does not dispute that the rule prohibits counsel from conducting *ex parte* interviews of current employees who are managerial or "control group" employees.  Counsel represents that he will not attempt to conduct informal interviews of such employees, and he concedes that any information obtained from improper communications in violation of this rule may be stricken and/or counsel can be disqualified from continuing to represent the Plaintiff.  Notwithstanding Plaintiff's agreement to refrain from contacting these employees, Defendant urges the court to adopt the guidelines set forth in NAACP and require the Plaintiff, prior to speaking with a current, non-management employee, *inter alia*, to provide Defendant with a list of the employees to be interviewed; provide each prospective interviewee with a letter advising the employee that he or she has the right to have the Defendant's attorney present during the interview; and allow the Defendant to interview the employee before or after the Plaintiff has done so.  Plaintiff argues that this proposed procedure would allow for unfair and prejudicial debriefing of the witness and allow for retaliation or threats of an employee who did not support the Defendant's position.  In support of her argument that Defendant would abuse the

---

[1]As noted by the court in NAACP, the ethics opinions rendered by the Florida Bar, the decisions of the Supreme Court of Florida, and decisions of district courts, even by another judge of the same district, are not binding on this court but are persuasive in analogous cases. See NAACP, 122 F. Supp. 2d at 1339, 1340, n. 3, 4, 5.

3

proposed procedure, Plaintiff submits her declaration (Doc. 19-3) and the declaration of former employee Jeremy Tillman (Doc. 19-2).

Upon consideration, the court agrees that Rule 4-4.2 does not prevent Plaintiff's counsel from conducting *ex parte*, informal interviews of rank-and-file employees whose statements may not constitute an admission on the part of the organization. Moreover, nothing in the ethical rules or the Rules of Civil Procedure requires the imposition of conditions such as those imposed in NAACP. Therefore, Defendant's motion to restrict communications is granted only to the extent that Plaintiff's counsel is prohibited from interviewing the current, managerial or "control group" employees of the Defendant.

By Defendant's motion for extra time to take Plaintiff's deposition, Defendant seeks an Order enlarging the time in which to conduct the deposition from seven hours to fourteen hours. Defendant argues that the additional time is necessary to inquire about Plaintiff's three distinct theories of liability; incidents constituting Defendant's proffered reason for terminating Plaintiff's employment; 490 documents produced by Plaintiff in response to its discovery requests; information concerning twenty-five witnesses identified by Plaintiff as individuals possessing knowledge concerning the facts and circumstances of the lawsuit; and Plaintiff's medical history. Defendant represents that it will not unnecessarily prolong the deposition. Plaintiff's counsel advises that he has agreed to extend the deposition for a reasonable period if needed in order to complete the questioning.

Rule 30(d)(2) of the Federal Rules of Civil Procedure provides:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.

4

Fed. R. Civ. P. 30(d)(2).  Upon consideration, the court grants the request in part.  Defendant may have up to ten (10) hours to conduct Plaintiff's deposition.

Accordingly, it is **ORDERED** that **Defendant's Motion to Restrict Plaintiff's *Ex Parte* Communications with Former and Current Employees** (Doc. 16) is **GRANTED in part and DENIED in part** as set out herein, and Defendant's **Motion for Time in Excess of Seven Hours to Take Plaintiff's Deposition** (Doc. 17) is **GRANTED** as set out herein.

**Done and Ordered** in Tampa, Florida, this 7th day of November 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record