UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARIJA STONE,**

    **Plaintiff,**

**v.**                                                  **Case No. 8:05-cv-636-T-30TBM**

**GEICO GENERAL INSURANCE COMPANY,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion to Compel Discovery** (Doc. 27). By her motion, Plaintiff seeks an order requiring Defendant to answer Interrogatories Nos. 6 and 10; to produce documents in response to Requests Nos. 8, 18, 19, 21, 23, 24, and 26 of Plaintiff's First Request for Production of Documents; and to produce documents a response to Requests Nos. 1-4, 10, 14, and 15 of Plaintiffs Second Requests for Production of Documents. Defendant filed a response in opposition (Doc. 34).

Initially, Defendant argues that the motion should be denied as untimely because it was filed several months after the discovery cutoff date of March 27, 2006. By Defendant's account, it made it clear to Plaintiff that it did not agree to provide any further responses to Plaintiff's Interrogatories or produce any further information concerning Plaintiff's First Request for Production in a letter dated August 6, 2005. Defendant argues that it reasserted its final position on December 15, 2005, and again on January 20, 2006, thus marking the date when Plaintiff should have clearly known of the need to file a motion to compel in order to

obtain additional responses to this outstanding discovery.  Defendant acknowledges that on June 23, it clarified some responses and provided some additional documents and information; however, Defendant contends that such actions were made in good faith and in no way constituted a waiver of its earlier final position or otherwise abrogated the court's March 27 discovery cutoff date.  From Plaintiff's perspective, discussions and negotiations began on August 23, 2005; continued after the discovery cutoff date, which was agreed to by the parties in part so that Defendant could take a final deposition on May 17, 2006; and concluded on June 20, 2006, when Defendant served its unverified fourth amended responses and objections to Plaintiff's First Set of Interrogatories by expanding its response to Interrogatory No. 2.   Plaintiff then filed the instant motion two days later.

     I agree with the Defendant that the motion is untimely as it relates to the initial Interrogatories and the First Request to Produce.  It appears that the Plaintiff was fairly advised in January 2006 that Defendant did not intend to respond further.  While neither the Federal Rules of Civil Procedure nor the Local Rules of this court prohibit the filing of discovery motions beyond the discovery deadline, counsel are encouraged to do so to advance the litigation in an orderly fashion to the filing of dispositive motions. Regarding this early discovery, I can find no good cause to support the delay in filing this motion until the eve of the deadline for such dispositive motions.  Accordingly, except as indicated below, the motion is denied insofar as it concerns the Interrogatories and the First Request to Produce.[1]

---

[1] Plaintiff complains that subsequent answers to Interrogatories were were unsigned and unsworn.  To the extent that the Defendant served any unsigned and unsworn answers to interrogatories it shall provide such verification within ten days of the date of this Order.

As for the Second Request to Produce, it was timely served within the discovery period. Regardless of the dispute over whether Plaintiff agreed with Defendant to permit a late response, Defendant's response was untimely and for the most part consisted of objections. Documents agreed to be provided were not served with the response, and according to the motion, such matters had not been produced as of June 28, 2006, the date this motion was filed. Therefore, the court will consider and address Plaintiffs motion on the merits as it relates to the Second Request to Produce.

To the extent that Defendant has still not produced documents responsive to Plaintiff's second requests that it agreed to produce, such production shall be made within ten days of the date of this Order.

Regarding Request No. 1, which seeks "all documents . . . from Kathy Watkins, addressed generally to supervisors, for the calendar year 2004, including but not limited to e-mail providing copies of performance appraisals of supervisors to other supervisors," Plaintiff argues that this request is relevant to the issue of pretext, in particular, whether Ms. Watkins engaged in behavior of comparable seriousness but was not discharged. Upon consideration, the motion is granted to the extent Defendant possesses or controls documents or emails wherein Watkins distributed or disseminated allegedly confidential information concerning supervisor performance ratings to other employees during 2004. In all other respects the motion is denied.

With respect to Request No. 2, seeking "all documents . . . relating to interviews regarding the environment in Plaintiff's department in July and August 2004," Plaintiff argues that matters concerning the investigation are relevant to the issues of pretext and retaliatory

3

motive. Defendant objected to this request on relevance grounds and on the basis of attorney-client privilege or work product doctrine. In its response, Defendant urges that this request concerns an investigation prompted by an age discrimination complaint brought by another employee, Marie Walters, which is irrelevant to Plaintiff's case. However, by footnote 26 of its response, Defendant acknowledges that during the investigation into Ms. Walters's claims, another employee, Tess Guidry, made statements concerning improper access to confidential files by Plaintiff and Plaintiff's criminal background, Defendant's proffered reasons for terminating the Plaintiff. Thus, this statement by Ms. Guidry, as well as any other statements made concerning the Plaintiff in the course of this investigation, appear relevant and discoverable. Such matters shall be produced within ten days of the date of this Order.

Regarding Request No. 3, Plaintiff seeks monthly and annual termination reports for the Lakeland facility from January 1, 2000, through the date of the request. Plaintiff contends that such information may yield comparator evidence highly relevant to her claims. Defendant contends that these requests are overbroad and seek irrelevant information beyond Plaintiff's department and are not properly limited to similarly situated employees. I find this request overbroad and untimely given the stage of the litigation. Accordingly, Defendant's objection is sustained.

As to Request No. 4, Plaintiff seeks Claims Department performance ratings compilation report for 2004 and 2005. Defendant argues that performance ratings are irrelevant since Plaintiff was terminated based on conduct rather than performance. However, as argued by the Plaintiff, such report may lead to admissible evidence concerning comparator evidence and pretext. The court agrees, and Defendant's objections to this request are

overruled. A listing or compilation of such performance ratings shall be produced within ten days of the date of this Order.

By Request No. 10, Plaintiff request copies of all documents and data that she is alleged to have accessed improperly from Defendants records, a proffered reason for termination. According to Plaintiff, seeing these documents would allow her to determine whether the data she accessed was in fact confidential or whether it was the same or similar to that disclosed by Kathy Watkins. In response, Defendant argues that Plaintiff has admitted that the identity and confidentiality of the documents accessed are not at issue. Moreover, Defendant claims that it is unaware of precisely what pages were improperly accessed and printed out by Plaintiff; all it knows is that such access occurred, was reported to management, and admitted to by Plaintiff. Upon consideration, Defendant's objections are sustained.

By Request No. 14, Plaintiff seeks the records of Brenda Jeffcoats, a former GEICO employee whom Plaintiff believes was discharged for engaging in protected activity. By Request No. 15, Plaintiff seeks the employment records of Ryan West to discover any information of previous complaints of sexual harassment by other employees and whether they were discharged. Defendant objects to both of these requests and argues that these other individuals "were not necessarily similarly situated" because "none of them falsified their insurance licensing applications filed with the Florida Department of Insurance, and accessed GEICO files which they knew to be protected." (Doc. 34, 18-19). Defendant's objections to Request No. 14 are sustained. As for Request No. 15, to the extent it seeks documents related

to complaints of age or sex discrimination made against Ryan West, the motion is granted. Such matters shall be produced within ten days of the date of this Order.

To the extent not granted, the motion is denied.

Accordingly, it is **ORDERED** that **Plaintiff's Motion to Compel Discovery** (Doc. 27) is **GRANTED in part** and **DENIED in part** as set out herein.

**Done and Ordered** in Tampa, Florida, this 25th day of August 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record