# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MARIJA STONE,**

      **Plaintiff,**

**v.**                                **Case No.  8:05-cv-636-T-30TBM**

**GEICO GENERAL INSURANCE
COMPANY,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Attorney's Fees (Dkt. #42-1), Defendant's Offer of Judgment to Marija Stone pursuant to Rule 68 and Defendant's Offer of Judgment/Proposal for Settlement to Marija Stone (Dkt. #42-2), and Plaintiff's Response in Opposition to Defendant's Motion for Attorney's Fees (Dkt. #49). The Court, having considered the motion, response, memoranda, exhibits, and being otherwise advised in the premises, finds that Defendant's motion should be denied for the reasons stated herein.

### Background

In the complaint, Plaintiff brought the following claims against Defendant: Count I - violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"); Count II - violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"); Count III - violation of the Florida Civil Rights Act, Chapter 670 ("FCRA"); and

Count IV - violation of the Florida Whistleblower's Act, §448.102, Florida Statutes ("FWA"). On or about January 18, 2006, Defendant served Plaintiff with two separate offers of judgment. The first offer was made pursuant to Rule 68 of the Federal Rules of Civil Procedure in regard to Plaintiff's Title VII and Age Discrimination in Employment Act claims (the "Federal Claims Offer").[1] The second offer was made pursuant to Fla.R.Civ.P. 1.442 and Fla Stat. §768.79 in regard to Plaintiff's Florida Civil Rights Act and Florida Whistleblower's Act claims (the "State Claims Offer").[2] Plaintiff did not accept either offer. On September 26, 2006, this Court entered an Amended Order (Dkt. #41) granting summary judgment in favor of Defendant as to all four counts.

Plaintiff now argues that it is entitled to attorney's fees against Plaintiff on the grounds that: Defendant made two good faith offers of judgment to Plaintiff, Plaintiff declined to accept either offer, and Defendant subsequently prevailed on all counts in this action. Defendant argues, in pertinent part, that: (1) Section 768.79 is preempted by Rule 68 of the Federal Rules of Civil Procedure and conflicts with the federal standard set forth in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978); and (2) Defendant's offer of judgment fails to meet the statutory requirements of Fla. Stat. §768.79(7)(a).

---

[1] Defendant offered Plaintiff a lump sum payment of $500.00 to settle Plaintiff's Title VII and ADEA claims.

[2] Defendant offered Plaintiff a lump sum payment of $2,000.00 to settle Plaintiff's FCRA and FWA claims.

**Analysis**

**I.      Federal Claims Offer (as to Count I - Title VII and Count II - ADEA) Pursuant to Rule 68.**

Federal Rule of Civil Procedure 68 provides a mechanism for a party to obtain "costs" accruing after an opponent rejects an offer of judgment, if the opponent ultimately recovers less than the judgment offered.   Fed.R.Civ.P. 68.   "Costs" under Rule 68 may include attorney's fees, if the underlying cause of action provides attorney's fees as a measure of costs.   See Marek v. Chesny, 473 U.S. 1, 9 (1985).

**A.      Standard Governing Award of Attorney's Fees to a Prevailing Title VII Defendant.**

In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978), the Supreme Court determined the standard by which a prevailing defendant in a Title VII case can recover attorney's fees from a plaintiff.   The Court has held as a general rule in the United States that litigants must pay their own fees, unless a litigant has proceeded in bad faith or a relevant statute provides for fee shifting.   Keese v. Bank of America, 371 F.Supp.2d 1370, 1375 (M.D. Fla. 2005), citing Christiansburg at 415-16.   "The Court held that Title VII altered a general federal rule by allowing fees to a prevailing plaintiff in all but special circumstances; that Title VII was so drawn to effectuate a strong policy against discrimination and encourage potential plaintiffs to challenge perceived discrimination; but that Title VII, nonetheless, permits a prevailing defendant to recover fees, *only if* a plaintiff's claim proves frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after

the claim clearly became so." (emphasis added). <u>Keese</u> at 1375, citing <u>Christiansburg</u> at 417-22.  In this regard, the Court found a delicate balance of interests struck in Title VII, a balance consistent with Congressional intent and the federal judicial process. <u>Id.</u> at 418-19. If or when a plaintiff's claim or continued litigation warrants liability for a defendant's attorney's fees is an issue that <u>Christiansburg</u> puts to district-court discretion. <u>Id.</u> at 423-24. Accordingly, the Court declines to award attorney's fees to Defendant as to Plaintiff's Title VII claims pursuant to Rule 68.

**B.     Standard Governing Award of Attorney's Fees to a Prevailing ADEA Defendant.**

Although the ADEA does not specifically authorize prevailing defendants to recover attorney's fees, the Eleventh Circuit has held that prevailing defendants may be awarded attorney's fees in certain circumstances.  <u>See</u> <u>Turlington v. Atlanta</u>, 135 F.3d 1428, 1437 (11th Cir. 1998).  A prevailing ADEA defendant must show that the plaintiff litigated in bad faith before it may recover attorney' s fees and expenses.  <u>See</u> <u>Turlington</u> at 1437.

In this case, the Court has granted summary judgment in favor of Defendant because Plaintiff failed to establish a *prima facie* case of retaliatory discharge against Defendant under Title VII or the ADEA.  Nevertheless, Plaintiff's claims, in this Court's opinion, were not frivolous, unreasonable, or groundless so as to warrant fee shifting under the <u>Christiansburg</u> rule, or litigated in bad faith so as to warrant fee shifting under the <u>Turlington</u> rule.  Accordingly, this Court concludes that an award of attorney's fees pursuant to Rule 68

in this case would override the discretionary test and balance set forth in <u>Christiansburg</u> and <u>Turlington</u>; therefore, the Court declines to award the same.

## II.    Federal Claims Offer (as to Count III - FCRA and Count IV - FWA) Pursuant to Fla. Stat. §768.79.

Under certain conditions, Fla. Stat. §768.79 permits a defendant who prevails in a civil action to recover his attorney's fees if the defendant files an offer of judgment which is not accepted by the plaintiff.  <u>See</u> Fla. Stat. §768.79.  Fla. Stat. §768.79 states, in relevant part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.  Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award.  If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.  If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer.  An offer must:
> (a) Be in writing and state that it is being made pursuant to this section.
> (b) Name the party making it and the party to whom it is being made.
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
> (d) State its total amount.
> The offer shall be construed as including all damages which may be awarded in a final judgment.

* * *

(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith.  In such case, the court may disallow an award of costs and attorney's fees.

The procedural requirements for submitting and accepting offers of judgment, and moving for attorneys' fees after the final judgment, are outlined in Fla.R.Civ.P. 1.422.

### A.     Standard Governing Award of Attorney's Fees to a Prevailing FCRA Defendant.

The FCRA, Florida's anti-discrimination law, is patterned so closely after Title VII that the two acts are considered essentially co-extensive; and cases disposing of Title VII claims are equally dispositive in regard to claims under the FCRA.  See Harper v. Blockbuster Entertainment, Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).[3]  As Title VII and FCRA claims (as currently interpreted) are effectively inseparable, Section 768.79, if applied to a FCRA claim, would expose plaintiffs to greater risk and upset the substantive balance of interest embodied in Title VII.  Christiansburg, 434 U.S. 412, 415-22.

As discussed above, in this Court's opinion, Plaintiff's claims were not frivolous, unreasonable, or groundless so as to warrant fee shifting under the Christiansburg rule.  The application of §768.79 to Plaintiff's FCRA claims would require a mandatory award of attorney's fees to Defendant.  Thus, to apply §768.79 in this instance would override the discretionary test and balance set forth in Christiansburg.  See Christiansburg at 422-24.

---

[3] Fla. Stat. §760.11(5) states, in pertinent part: "In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.  It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action."

Accordingly, the Court declines to award attorney's fees to Defendant as to Plaintiff's FCRA claims pursuant to Fla. Stat. §768.79.

**B.     Standard Governing Award of Attorney's Fees to a Prevailing FWA Defendant.**

Pursuant to Fla. Stat. §448.104, "[a] court may award reasonable attorney's fees, court costs, and expenses to the prevailing party."  Fla. Stat. §448.104.   The <u>Christiansburg</u> standard is not applicable to fee awards under §448.104.   <u>New World Communications of Tampa, Inc. v. Akre</u>, 866 So.2d 1231, 1235 (Fla. 2d DCA 2004); <u>see also</u> <u>Bell v. Georgia-Pacific Corporation</u>, No. 5:04-cv-50-OC-10GRJ, 2005 WL 1618223 (M.D. Fla. July 6, 2005); <u>Gamb v. Hilton Hotels Corp.</u>, No. 95-466-civ-ORL-19, 1997 WL 893874 (M.D. Fla. Sept. 26, 1997), <u>aff'd</u>, 132 F.3d 46 (11th Cir. 1997); <u>McGregor v. Board of County Commissioners for Palm Beach County, Florida</u>, 130 F.R.D. 464 (S.D. Fla. 1990), <u>aff'd</u>, 956 F.2d 1017 (11th Cir. 1992).  An award of attorney's fees under §448.104 is not automatic and is left to the discretion of the court.  <u>Bell</u> at *1.  However, under §448.104 a prevailing party is not required to show that the plaintiff's case was frivolous, unreasonable, or groundless in order to be awarded its attorney's fees.  <u>Id.</u>

Based on the discretionary nature of an award of attorney's fees under Fla. Stat. §448.104, the Court sees no reason why a prevailing defendant would not be entitled to a recovery of reasonable attorney's fees under Fla. Stat. §768.79, as long as the offer of judgment was properly served upon the plaintiff, properly drafted pursuant to the

requirements of Fla. Stat. §768.79 and Fla.R.Civ.P. 1.422, made in good faith, and did not

contain invalid conditions.[4]

However, upon consideration of the offer of judgment pertaining to Plaintiff's FWA

claims, the Court concludes that the State Claims Offer contains two invalid conditions; and

therefore, such offer does not provide a basis for an award of attorney's fees under either Fla.

Stat. §768.79 or Fla.R.Civ.P. 1.442.  See Hales v. Advanced Systems Design, Inc., 855 So.2d

1232 (Fla. 1st DCA 2003) (offer of judgment was invalid and thus did not provide a basis for

the award of attorney's fees under either Fla. Stat. §768.79 or Fla.R.Civ.P. 1.442 since offer

contained an invalid condition).  The Defendant's State Claims Offer provides, in pertinent

part:

> Defendant, GEICO General Insurance Company ("defendant" or "GEICO"),
> by and through undersigned counsel and pursuant to Fla.R.Civ.P. 1.442 and
> Section 768.79, Florida Statutes, hereby makes an offer of judgment and
> proposal for settlement to Plaintiff Marija Stone ("plaintiff" or "Stone"):
>
> 1. **Claims this proposal is attempting to resolve.**  This proposal is
> being made to resolve all claims made by plaintiff Stone against defendant
> GEICO in the above-captioned action, brought under the Florida Civil Rights
> Act, Florida Statute 760, et seq. and the Florida Whistleblowers' Act, Florida
> Statute §448.102.
>
> * * *
>
> 6. An express condition of this offer is that Stone must accept both this
> offer and defendants' offer of judgment pursuant to Rule 68, Fed.R.Civ. P., in
> accordance with the terms of that offer, simultaneously.
>
> This offer shall be deemed rejected if Stone should attempt to accept
> this offer without also accepting defendants' offer of judgment pursuant to

---

[4] It does not appear that Fed.R.Civ.P. 68 conflicts with or preempts Fla. Stat. §768.79 in this instance.

Rule 68, Fed.R.Civ.P., in accordance with the terms of that offer, simultaneously.[5]

As discussed in detail above, Fla. Stat. §768.79 conflicts with the <u>Christiansburg</u> standard, which requires a court to find that a plaintiff's claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after the claim clearly became so, prior to awarding attorney's fees to a prevailing defendant in a Title VII, ADEA, or FCRA action. In Defendant's State Claims Offer, Defendant seeks to set two invalid conditions upon the acceptance of the proffered offer of judgment, to wit: (1) Plaintiff must settle both its claims under the FCRA and the FWA, and (2) Plaintiff must also simultaneously accept the Defendant's Federal Claims Offer pursuant to Fed.R.Civ.P. Rule 68.[6] These two conditions are clearly invalid.  Hypothetically, in order for the Plaintiff to settle her FWA claims pursuant to Defendant's State Claims Offer, Plaintiff would also be forced to accept Defendant's offer of judgment as to her Title VII, ADEA and FCRA actions, where such offers are otherwise individually invalid, unenforceable, and conflict with the <u>Christiansburg</u> standard.  Such a result would conflict with the equitable considerations embodied in Title VII, the ADEA, and the FCRA as well as the good faith requirements of Fla. Stat.

---

[5] Dkt. #42-2, pp. 4-6.

[6] The Court notes that the State Claims Offer also conditions the offer on the execution of a settlement agreement containing a general release by Plaintiff in favor of Defendant.  A copy of the settlement agreement containing the proposed general release was not filed for this Court's consideration; thus, this Court makes no determination as to the validity of such general release condition.

§768.79(7)(a).  Accordingly, the Court declines to award attorney's fees to Defendant as to Plaintiff's FWA claims pursuant to Fla. Stat. §768.79.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Motion for Attorney's Fees (Dkt. #42-1) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 16, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-636.mt atty fees 42.wpd