# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MARIJA STONE,**

    **Plaintiff,**

**v.**                                                       **Case No. 8:05-cv-636-T-30TBM**

**GEICO GENERAL INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER AND JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Equitable Relief (Dkt. 123), Defendant's Response in opposition to same (Dkt. 126), Defendant's related First Motion for Remittitur (Dkt. 130), and Defendant's Motion for Directed Verdict pursuant to Fed. R. Civ. P. 50(a). The Court having reviewed the motions, responses, having considered the argument of counsel, and being otherwise advised in the premises, concludes that Plaintiff's Motion for Equitable Relief (Dkt. 123), Defendant's First Motion for Remittitur (Dkt. 130), and Defendant's Rule 50(a) Motion for Directed Verdict shall be granted in part and denied in part.

## BACKGROUND

On September 21, 2009, the jury in this case returned a verdict in Plaintiff's favor, finding that her termination from Defendant GEICO General Insurance Company

("Defendant") was based on retaliation.[1] The jury awarded $100,000 in back pay to compensate Plaintiff for a net loss of wages and benefits, and found that Defendant willfully violated the Age Discrimination in Employment Act ("ADEA"). In addition, the jury awarded $200,000 in compensatory damages to compensate Plaintiff for her emotional pain and mental anguish, and awarded $500,000 in punitive damages.

On September 23, 2009, Plaintiff filed a request for equitable relief (Dkt. 123). Specifically, Plaintiff requests an award of $100,000 in liquidated damages, because the jury made a finding that Defendant's violation of the ADEA was willful. Once such a finding is made, an award of liquidated damages in the amount of Plaintiff's net back pay is mandatory. Plaintiff also requests prejudgment interest on the $100,000 net back pay award in the amount of $15,260.42. Lastly, Plaintiff requests reinstatement or front pay.[2]

On October 9, 2009, Defendant filed its opposition to Plaintiff's request for equitable relief (Dkt. 126). Defendant argues that Plaintiff is not entitled to prejudgment interest, reinstatement, or front pay because the amounts awarded by the jury in all categories "were excessive and not supported by the evidence." Id.

On October 26, 2009, the Court held a status conference on these pending issues and requested oral argument on the issues contained in Plaintiff's request for equitable relief and Defendant's opposition to same. On October 29, 2009, Plaintiff filed a Supplemental

---

[1] At the close of Plaintiff's case-in-chief, and again at the close of Defendant's case-in-chief, Defendant moved for involuntary dismissal under Rule 50(a), and the Court reserved ruling.

[2] At the October 29, 2009 hearing on these issues, Plaintiff's counsel specified that reinstatement is the preferred remedy.

Memorandum of Law in Support of her Request for Equitable Relief in response to the issues raised by the Court at the October 26, 2009 status conference (Dkt. 129). Also on October 29, 2009, Defendant filed its Motion for Remittitur (Dkt. 130). Defendant's Motion for Remittitur argues that the Court should remit Plaintiff's punitive damages award in its entirety, remit the liquidated damages award because there was no evidence of willfulness, and remit the jury's award of back pay and compensatory damages because they were excessive and unsupported by the record evidence.

On October 29, 2009, the Court heard oral argument on these outstanding issues. As set forth in detail herein, after consideration of the parties' briefs, argument, and after careful review of the standard that the Court must apply in considering a request for remittitur, the Court concludes that Plaintiff's Motion for Equitable Relief should be granted in part and Defendant's Motion for Remittitur should be granted in part.

## DISCUSSION

**I.  Back Pay**

The jury found that Plaintiff was entitled to $100,000 in back pay. Defendant's Motion for Remittitur argues that this back pay award is excessive because the evidence presented at trial was that Plaintiff failed to mitigate her damages. Defendant also argues that this amount is speculative.

It is important to note that "remittitur" is the procedural process by which an excessive verdict of the jury is reduced and it is well understood that a "jury's verdict should not be disturbed if there is competent evidence in the record to support it." Deakle v. John E.

Graham & Sons, 756 F.2d 821, 827 (11th Cir. 1985). When considering a motion for remittitur, the standard for determining the appropriateness of the award is whether it "exceeds the amount established by the evidence." Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1266 (11th Cir. 2008) (quoting Goldstein v. Manhattan Industries, Inc., 758 F.2d 1435, 1448 (11th Cir. 1985)). The Court is not to substitute its judgment for the jury's, and where there is sufficient evidence in the record to support the award, the Court should not reduce the award merely because it would have found differently. See Moses v. K-Mart Corp., 905 F. Supp. 1054, 1057 (S.D. Fla. 1995) (emphasis added).

Defendant argues that the back pay award was excessive because the overwhelming evidence presented at trial was that Plaintiff failed to mitigate her damages because she failed to exercise reasonable diligence to maintain a suitable job once it was located. Defendant focuses on the fact that Plaintiff obtained comparable suitable employment at Mercury, First Acceptance, and Morgan & Morgan, but failed to maintain those jobs based on her own poor choices. While the Court may have decided this issue differently (given the fact that Plaintiff obtained substantially similar employment at Mercury and, through her own actions, was terminated for cause from Mercury), it cannot reduce the back pay award based on how it may have ruled on the issue. The jury was presented with evidence regarding whether Plaintiff failed to properly mitigate her back pay award and Plaintiff testified about her subsequent employment following her termination from Defendant. Defendant was then given full opportunity to cross-examine Plaintiff, which it did. In light of this evidence, the jury chose to side with Plaintiff. There is nothing in the record to compel this Court to

determine that the jury erred or acted unreasonably when it sided with Plaintiff's version of the facts. Notably, it appears that the jury must have determined that Plaintiff failed, in part, to mitigate her damages, because it awarded Plaintiff a back pay award that was lower than the award Plaintiff requested at trial. The Court also does not find that the award is unduly speculative. Accordingly, Defendant's Motion for Remittitur on Plaintiff's back pay award is denied.

## II.     Prejudgment Interest

Plaintiff requests prejudgment interest on the back pay award in her request for equitable relief. An award of prejudgment interest is left to the discretion of this Court. See Loeffler v. Frank, 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1998). While acknowledging that there is no *per se* rule requiring that prejudgment interest be included in a back pay award, some courts have recognized a presumption that prejudgment interest be awarded on a back pay award to a successful Title VII plaintiff. See Richardson v. Tricom Pictures & Productions., Inc., 334 F. Supp. 2d 1303, 1316 (S.D. Fla. 2004), aff'd, No. 05-11421, 2006 WL 1559756 (11th Cir. June 8, 2006). The Court concludes that prejudgment interest is appropriate here to "adjust[ ]the back pay award for inflation and reflect[ ] the present day value of income that should have been paid to the [Plaintiff] in the past." Id. (quoting EEOC v. Joe's Stone Crab, 15 F. Supp. 2d 1364, 1379 (S.D. Fla. 1998)). In the Eleventh Circuit, the "interest rate for prejudgment interest on back pay awards under Title VII depends on the IRS prime rates calculated in accordance with 28 U.S.C. § 1961."

McKelvy v. Metal Container Corp., 854 F.2d 448, 453 (11th Cir. 1988); see also EEOC v. Guardian Pools, Inc., 828 F.2d 1507, 1512 (11th Cir. 1987) (NLRA method is to use the adjusted federal prime rates established by the IRS).

Using the NLRA methodology, Plaintiff requests $15,260.42 in prejudgment interest. The Court has reviewed Plaintiff's calculation of the $15,260.42 and concludes that this amount is appropriate and should be awarded based on Plaintiff's back pay award of $100,000.

## III. Liquidated Damages

Under the ADEA, liquidated damages are proper upon a finding of willful discrimination by the Defendant. The jury in this case made a finding, for purposes of liquidated damages, that Defendant's violation of the ADEA was willful (Dkt. 119). Once such a finding is made, an award of liquidated damages, in the amount of Plaintiff's net back pay, is mandatory. Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1561 (11th Cir. 1988). Defendant argues in its Motion for Remittitur that the Court should remit the liquidated damages award because there was no evidence of willfulness. The Court disagrees. Defendant focuses on the fact that Mr. Burklin and Mr. Rayburn were the joint decisionmakers and that they did not willfully terminate Plaintiff. However, there was sufficient evidence presented to the jury to believe otherwise, especially given the fact that the investigation of Plaintiff did not commence until shortly after Defendant received the July 19, 2004 demand letter from Ms. Walters' attorney. A jury could have found the timing of

these events material to the issue of whether Defendant acted willfully.  There was also sufficient evidence in the record for the jury to find that Ms. Napoles was a decisionmaker and/or was substantially involved in the decision to terminate Plaintiff.

Again, although this Court may have decided otherwise, the standard governing this Court is whether there was sufficient evidence in the record to support the jury's finding of willfulness.  Under the restraints of this standard, the Court must decide this issue in the affirmative and uphold the jury's finding.  Accordingly, Plaintiff is entitled to an award of $100,000 in liquidated damages.

## IV. Reinstatement and Front Pay

Plaintiff's request for equitable relief asks this Court to grant Plaintiff reinstatement, or, in the alternative, front pay.  Defendant argues that neither remedy is appropriate in this case.  The Court agrees that Plaintiff is not entitled to either remedy.  "The purpose of the ADEA, insofar as the individual plaintiff is concerned, is to make the plaintiff 'whole,' to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer."  Sangamo Weston, Inc., 837 F.2d at 1561.  The preferred equitable remedy to achieve this purpose is "reinstatement instead of front pay." Hansard v. Pepsi-Cola Metro. Bottling Co., 865 F.2d 1461, 1469 (5th Cir. 1989), cert. denied 493 U.S. 842, 110 S.Ct. 129, 107 L.Ed.2d 89 (1989).  The general rule is that prospective damages are awarded in lieu of reinstatement when it is not feasible to reinstate the employee.  Hansard, 865 F.2d at 1469.  In this case, Defendant argues that Plaintiff should not be reinstated because of her repeated, blatant dishonesty, both during and after her

employment, and due to the discord and antagonism that exists between the parties because of Plaintiff's misconduct while employed at Defendant.

Plaintiff's husband, an African-American, also worked for Defendant, but in a different section. He had hired a lawyer about his claim that Defendant had discriminated against him on the basis of race. Defendant believes, and put on strong evidence showing, that Plaintiff improperly accessed Defendant's confidential information about the performance and pay of all employees in her husband's section and provided the information to her husband's attorney. It would be untenable to return Plaintiff to her job with Defendant given the obvious lack of trust that now exists.

The Court also finds that Plaintiff is not entitled to front pay because Plaintiff failed to "produce 'competent evidence suggesting that [her] injuries have narrowed the range of economic opportunities available to [her]'" or that "'[her] injury has caused a diminution in [her] ability to earn a living.'" Tricom Pictures & Productions, Inc., 334 F. Supp. 2d at 1318-1319 (citing McKnight v. General Motors Corp., 973 F.2d 1366, 1370-1372 (7th Cir. 1992) (affirming denial of front pay and reinstatement, noting that the trial court denied front pay in part because the jobs held by plaintiff after his termination paid more, and stating that plaintiff "appears to be attempting to force [defendant] to insure his future employment success")). After her termination from Defendant, Plaintiff was able to obtain three comparable jobs at Mercury, First Acceptance, and Morgan & Morgan. Plaintiff decided to resign from her last job, because she believed she could be more successful opening her own business.

Also, Plaintiff did not prove that her injuries precluded her from obtaining subsequent employment and the back pay award will fully compensate Plaintiff for the harm caused by Defendant's conduct, which was not so egregious in comparison to other imaginable conduct. See Weaver v. Casa Gallardo, Inc., 922 F.2d 1515, 1529 (11th Cir. 1991), superseded by statute on other grounds ("Front pay ... is appropriate only when the other damages awarded will not fully compensate the plaintiff for his [or her] injury."); E.E.O.C. v. Joe's Stone Crab, Inc., 15 F. Supp. 2d 1364, 1380 (S.D. Fla. 1998) ( "Because a monetary award of front pay is calculated to end on the date that the discrimination victim attains the position she would have been in but for the discrimination, front pay is appropriate only when the other damages awarded do not fully compensate the plaintiff.") (citing Weaver, 922 F.2d at 1528); see also Lewis v. Fed. Prison Indus., Inc., 953 F.2d 1277, 1281 (11th Cir. 1992) ("'[b]ecause of the potential for windfall, [the] use [of front pay] must be tempered .... Front pay remains a special remedy, warranted only by egregious circumstances.'") (quoting Duke v. Uniroyal, Inc., 928 F.2d 1413, 1424 (4th Cir. 1991)) (emphasis added).

Given these facts, an award of front pay would be inappropriate in this case. Accordingly, Plaintiff's request for reinstatement or front pay is denied.

**V.     Punitive Damages**

Defendant argues, in part, in its Motion for Remittitur that Plaintiff is not entitled to any punitive damages because allowing Plaintiff to recover both liquidated damages under the ADEA and punitive damages under the Florida Civil Rights ACT ("FCRA") constitutes double recovery and is impermissible. Defendant also argued in its Rule 50(a) Motion for

Directed Verdict that Plaintiff's prayer for punitive damages should be involuntarily dismissed because she failed to meet the standard for awarding punitive damages under the FCRA. The Court agrees that Plaintiff is not entitled to punitive damages as a matter of law.

In this case, the jury found that Plaintiff was entitled to liquidated damages. The jury also awarded Plaintiff $500,000 in punitive damages. The Middle and Southern Districts of Florida have ruled that "there can be no doubt that to allow a prevailing plaintiff to recover both liquidated damages under the ADEA, and punitive damages under the [FCRA], constitutes double recovery and is therefore impermissible." Hipp v. Liberty Nat'l Life Ins. Co., 29 F. Supp. 2d 1314, 1320 (M.D. Fla. 1998); Moses v. K-Mart Corp., 905 F. Supp. 1054, 1059 (S.D. Fla. 1995). This rule applies even if the liquidated damages award is lower than the punitive damages award.

Given that Plaintiff may not recover both punitive and liquidated damages, coupled with the fact that liquidated damages are mandatory under the ADEA, the Court will strike the jury's award of punitive damages and remit the full amount. Moses, 905 F. Supp. at 1059. Moreover, because both punitive and liquidated damages cannot be awarded in this case, the Court grants Defendant's Rule 50(a) Motion for Directed Verdict on this issue,[3] because Plaintiff is not entitled to punitive damages as a matter of law. Consequently, Plaintiff's punitive award of $500,000 must be remitted to $0. Notably, the Court's reduction

---

[3] Defendant's Rule 50(a) Motion for Directed Verdict is otherwise denied.

of punitive damages is a matter of law, and does not bring into question the propriety or validity of the jury's verdict. Id. at 1060.

## VI. Compensatory Damages

The final issue for the Court to discuss is compensatory damages. In this case, the jury awarded Plaintiff $200,000 in compensatory damages, which represents Plaintiff's damages for pain and suffering or emotional distress. Defendant argues in its Motion for Remittitur that the jury's award was clearly excessive because Plaintiff's case involved a simple garden-variety emotional distress claim. Defendant points to the fact that Plaintiff's evidence of emotional distress relied substantially on her unsubstantiated testimony. Defendant also points out that Plaintiff testified that she never received psychological counseling or medical treatment and that a doctor's note, from a visit made only days after her discharge, stated that Plaintiff was doing much better since resigning from her job and her stress level was lower. Defendant also argues that the evidence demonstrated that Plaintiff was gainfully employed three separate times after her termination from Defendant.

The Court "must grant a new trial or remittitur when the award exceeds the maximum limit of a reasonable range within which the jury may properly operate." Warren v. Ford Motor Credit Co., 693 F.2d 1373, 1380 (11th Cir. 1982) (internal quotation marks omitted); see also Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1448 (11th Cir. 1985) ("[A] remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence.").

To recover more than nominal damages for emotional distress, Plaintiff must prove

actual injury. Carey v. Piphus, 435 U.S. 247, 263-64, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); accord Rutstein v. Avis Rent-A-Car Systems, Inc., 211 F.3d 1228, 1239 (11th Cir. 2000). However, "[a]lthough compensable damage must be proven, general compensatory damages, as opposed to special damages, need not be proven with a high degree of specificity. Compensatory damages may be inferred from the circumstances as well as proved by the testimony." Ferrill v. The Parker Group, Inc., 168 F.3d 468, 476 (11th Cir. 1999) (citations and internal quotation marks omitted). A plaintiff's own testimony may suffice toward that end. Id. "Any evidentiary shortcomings go more to the amount, rather than the fact, of damage." Id. (citing Marable v. Walker, 704 F.2d 1219, 1220 (11th Cir. 1983)).

The Eleventh Circuit has never precisely delineated the factors that a court should consider in determining whether the plaintiff's evidence of emotional distress is sufficient to support the jury's award of compensatory damages for emotional distress, particularly where the plaintiff's damages evidence consists chiefly of her own testimony. However, in Price v. City of Charlotte, 93 F.3d 1241 (4th Cir.1996), the Fourth Circuit conducted what the Fifth Circuit later deemed a "magnum opus." See Brady v. Fort Bend County, 145 F.3d 691, 718 (5th Cir. 1998). Surveying the practice of its own and other circuits, the Price court amalgamated the following factors: (1) whether the plaintiff lost the esteem of her peers; (2) whether the plaintiff suffered physical injury as a consequence of her emotional distress; (3) whether the plaintiff received psychological counseling or other medical treatment; (4) whether the plaintiff suffered a loss of income; (5) the degree of emotional distress; (6) the context of the events surrounding the emotional distress; (7) the evidence tending to

corroborate the plaintiff's testimony; (8) the nexus between the challenged conduct and the emotional distress; and (9) any mitigating circumstances. Price, 93 F.3d at 1254 (citing Spence v. Board of Educ. of Christina Sch. Dist., 806 F.2d 1198, 1201 (3d Cir. 1986) and Fitzgerald v. Mountain States Telephone and Telegraph Co., 68 F.3d 1257, 1265-66 (10th Cir.1995)).

"[T]he determination of whether a damages award exceeds a reasonable range should not be made in a vacuum, but should include consideration of the amounts awarded in other, comparable cases." Mathie v. Fries, 121 F.3d 808, 813 (2d Cir.1997) (citation and internal quotation marks omitted). The Court finds that under the totality of the circumstances, remittitur is required. Plaintiff's own testimony regarding her emotional distress is of limited value. See Price, 93 F.3d at 1254-55 (reversing award of compensatory damages for emotional distress in § 1983 challenge to promotion practices at police department, where plaintiffs testified that they felt "betray [ed]," "[e]mbarrassed," and expressed surprise that "race was going to play any part" in promotions). Moreover, the impact of Defendant's conduct on her professional life could not have been severe because Plaintiff's doctor reflected that Plaintiff's stress level was lower and Plaintiff was able to obtain three jobs after her termination. The Court's review of other courts' decisions on this issue also supports remittitur. See Akouri v. State of Fla. Dep't of Transp., 408 F.3d 1338 (11th Cir. 2005); Saleh v. Upadhyay, 11 Fed.Appx. 241, 263 (4th Cir. 2001); Bernstein v. Sephora, 182 F. Supp. 2d 1214 (S.D. Fla. 2002). For these reasons, the Court finds that $50,000 is the

maximum reasonable recovery for the degree of emotional distress and mental anguish that Plaintiff has suffered.

"The Seventh Amendment requires, however, that the plaintiff be given the option of a new trial in lieu of remitting a portion of the jury's award." Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1329 (11th Cir. 1999) (citing Hetzel v. Prince William County, Va., 523 U.S. 208, 118 S.Ct. 1210, 140 L.Ed.2d 336 (1998)). If Plaintiff does not consent to the remittitur, the Court will order a new trial. See Johansen, 170 F.3d at 1329. Accordingly, Plaintiff is provided ten (10) days from the date of this Order to file a notice of remittitur in accordance with these terms, if she accepts the Court's remittitur. If Plaintiff fails to accept the Court's remittitur within ten (10) days, a new trial will be ordered limited to the issue of compensatory damages.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Equitable Relief (Dkt. 123) is hereby granted in part and denied in part.

2. Defendant's First Motion for Remittitur (Dkt. 130) is hereby granted in part and denied in part.

3. Defendant's Rule 50(a) Motion for Directed Verdict is granted in part and denied in part.

4. Judgment shall be entered in favor of Plaintiff Marija Stone and against Defendant GEICO General Insurance Company, as follows:

Back Pay - $100,000

Prejudgment Interest - $15,260.42

Liquidated Damages - $100,000

Compensatory Damages - $50,000

5. As set forth herein, the Court finds that Plaintiff is not entitled to reinstatement.

6. As set forth herein, the Court finds that Plaintiff is not entitled to front pay.

7. The Jury's award of $500,000 of punitive damages is remitted to $0.

8. The Jury's award of $200,000 of compensatory damages is remitted to $50,000. Plaintiff is provided ten (10) days from the date of this Order to file a notice of remittitur in accordance with these terms, if she accepts the Court's remittitur. If Plaintiff fails to accept the Court's remittitur within ten (10) days, a new trial will be ordered limited to the issue of compensatory damages.

9. The Court will reserve ruling on the issue of attorneys' fees and costs.

**DONE** and **ORDERED** in Tampa, Florida on November 5, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-636.judgment.frm