PETER F. HELWIG
Board Certified Labor & Employment Lawyer
Certified Civil Mediator

EDUCATION

    J.D. with Honors, 1975
    University of Connecticut
    Hartford, Connecticut

    B.A. History, 1969
    Muhlenberg College
    Allentown, Pennsylvania

EMPLOYMENT

    Harris & Helwig, P.A.
    6700 South Florida Avenue, Suite 31
    Lakeland, Florida 33813

        Attorney and Officer 1999-present

    Florida Rural Legal Services, Inc.
    963 E. Memorial Blvd., P. O. Box 24688
    Lakeland, Florida  33802-4688

        Executive Director 1990-1999
        Advocacy Director 1986-1990
        Basic Unit Director 1985-1986

    Neighborhood Legal Services, Inc.
    1229 Albany Avenue
    Hartford, Connecticut 06112

        Executive Director 1981-1985
        Litigation Director 1980-1981
        Head of Civil Rights Unit 1977-1980
        Head of Entitlements Unit 1976-1977
        Staff Attorney (General Caseload) 1975-1976

    Connecticut Superior Court
    95 Washington Street
    Hartford, Connecticut 06105

        Special Magistrate 1983-1985

    Connecticut Commission on Human Rights and Opportunities
    90 Washington Street
    Hartford, Connecticut

        Assistant to Commission Counsel 1972-1975

    Division on Civil Rights
    State of New Jersey
    1100 Raymond Boulevard
    Newark, New Jersey

        Investigator 1969-1972

BAR ADMISSIONS AND CERTIFICATIONS

Admitted to practice in State and Federal Courts of Connecticut and Florida, including the Trial Bar of the Southern District of Florida, and the Second and Eleventh Federal Circuit Courts of Appeal.

Certified Circuit Court Civil Mediator in Florida.

Certified Mediator for United States District Court, Middle District of Florida.

Board Certified by The Florida Bar as a Specialist in Labor & Employment Law.

PUBLICATIONS

11 Public Interest Law Section Reporter 10-17 (December, 2003), The Law of Protests and Demonstrations: Are "Free Speech Zones" Constitutional?

17 Yale Law & Policy Review at pages 355-366 (Fall, 1998), The Legal Services Restrictions: Lawyers in Florida, New York, Virginia and Oregon Describe the Costs (with others).

21 Clearinghouse Review 366-370 (August-September, 1987), Toward a Vision of Litigation Directing.

MAJOR CASES

Robinson v. Caulkins Indiantown Citrus Co., No. 83-8655-Civ-HOEVELER, 685 F.Supp. 233 (S.D. Fla. 1988), 701 F.Supp. 208 (S.D. Fla. 1988), 771 F.Supp. 1205 (S.D. Fla. 1991). Federal civil rights action on behalf of five classes of employees and former employees of a citrus grove and processing plant. After a six-week trial, the jury returned a verdict for the plaintiffs on class-wide racial discrimination. After the verdict, the parties reached a settlement which provided for the payment of $13,500,000 to the class.

Gonzalez v. Kaplan Industries, No. 91-529-Civ-T-17A (M.D. Fla., filed March 21, 1991). Federal class action on behalf of 230 workers who lost their jobs when a slaughterhouse shut down in violation of the federal Worker Adjustment, Retraining and Notification (WARN) Act. Engaged in cooperative efforts with liquidation trustee to facilitate the purchase and reopening by new investor. When these efforts failed, obtained judgment for $566,938 on behalf of the class.

Aryani v. Valley Forge Dental of Florida, 2008 WL 2557584 (M.D.Fla. 2008). Female Muslim dentist alleged that she was not hired because of her religion and because she wore a head covering. After a favorable ruling denying summary judgment, the case was settled during trial.

Marquez v. Espy, No. 93-1255-Civ-MARCUS (filed June 16, 1993). Federal class action on behalf of single, male farmworkers who were initially denied emergency housing after Hurricane Andrew struck south Florida, and later were overcharged for emergency housing. Through mediation, a settlement was reached whereby the housing was restructured and rental rates were reduced by 50%.

Florida Rural Legal Services v. School District of Polk County (Florida Department of Education, August 18, 1998). Administrative complaint alleging discrimination against Haitian students and parents in large public school system. Department of Education made findings substantiating the allegations, and ordered the school district to translate all notices and home communications to parents into Haitian Creole; translate the student code of conduct into Creole; provide translators for all parent conferences, meetings, IEP's, disciplinary proceedings, etc.; re-evaluate and provide compensatory education for student who initiated the complaint; and provide documentation of compliance to counsel within thirty days.

Milord v. Caulkins Indiantown Citrus Co., No. 86-8259-Civ-ROETTGER (filed May 8, 1986). Federal class action on behalf of female employees who suffered sexual harassment and discrimination in wages and other aspects of employment. Temporary restraining order granted to require reinstatement of lead plaintiff's employment after her dismissal for absenteeism. Following extensive motion practice and discovery, the parties reached a settlement providing for the payment of $550,000 to the class.

Sanchez v. Hartford Police Department, No. H-79-411, filed January 11, 1981. Federal court action alleging discrimination in employment of police officers. Temporary restraining order granted to prevent dismissal of Hispanic officer. Damages and injunctive relief awarded by stipulation.

Flores v. Hartford Police Department, 25 FEP Cases 180 (D.Conn., 1981). Action alleging discrimination in dismissal of two Hispanic police officers. Judgment for one plaintiff and against the other; finding that both plaintiffs did suffer discrimination. Back pay and attorney's fees awarded.

Coleman v. Cutrale Citrus Juices USA, No. 99-2405-CIV-T-17E (M.D.Fla., filed November, 1999). Multiple plaintiff action alleging racial and national origin discrimination, as well as

retaliation, in mass layoff. Resolved by settlement after substantial motion practice.

Perez, *et al* v. Pavex Corporation, No. 8:01-CV-0069-T-27MSS (M.D.Fla., filed January 10, 2001). Multiple-plaintiff action alleging pervasive racial discrimination, including a racially hostile working environment, and retaliation against 27 African American, Hispanic and white employees. Defendant was held liable under 42 U.S.C. §1981 for discrimination against contract truck drivers who made deliveries to their plant, but had no direct employment or contractual relationship with Defendant. Martinez v. Pavex Corp., 422 F.Supp. 1284 (M.D.Fla. 2006). Court rejected *Daubert* challenge to statistical evidence showing that African American plant and road employees were assigned to the dirtiest and most undesirable jobs. Perez v. Pavex Corp., 2007 WL 294227 (M.D.Fla. 2007). Eventually resolved by settlement.

DeGross v. Aetna Life Insurance Company, No. CV-H-8012-393. CT. Superior Court, Housing Session (1983). Thirteen homeless Hispanic families took over a Hilton Hotel in downtown Hartford, CT while it was vacant due to renovations. When the owners sought to have the families forcibly removed, a temporary injunction was granted to permit them to stay. The matter was later settled and the injunction vacated when the owners and city government agreed to provide relocation assistance.

Knighton v. Peraro, No. H-78-323 (D.CT., filed June 17, 1978), 12 Clearinghouse Review 304. Federal class action on behalf of all black job applicants who were denied job referrals by the state employment service because they did not hold a high school or college decree. Stipulation of settlement signed barring the challenged practice and creating a monitoring and complaint process.

Nguyen Thi Lien v. Lloyd, No. H-77-156 (D.CT., filed March 30, 1977), 11 Clearinghouse Review 143. Class action challenging constitutionality of state statute prohibiting aliens from taking certain professional licensing examinations. Preliminary injunction issued permitting plaintiff to take examination; statute repealed.

Canales v. Maher, No. H-76-494 (D.CT., filed December 20, 1976). Federal class action challenging a state statute which barred all persons who transferred property for less than reasonable value from receiving AFDC benefits. Preliminary injunction issued; final judgment for plaintiff.

Foster-Bey v. Department of Administrative Services, No. H-79-186 (D.CT., filed 1979). Federal class action alleging discrimination against black applicants for state jobs who are unable to meet arbitrary education requirements and are therefore barred from competitive examinations. Resolved by settlement.

TRAINING AND TEACHING EXPERIENCE

Labor & Employment Law Certification Course, The Florida Bar. Prepared advanced-level materials and presented lectures on Title VII, the Age Discrimination in Employment Act, the

Reconstruction-Era Statutes, and the Florida Civil Rights Act.  February, 2004 through February, 2008.

Retaliation Update, Spring Seminar of the Florida Chapter of the National Employment Lawyers Association, April, 2007.

Employee First Amendment Claims After *Garcetti v. Ceballos,* Fall Seminar of the Florida Chapter of the National Employment Lawyers Association, August, 2006.

Considerations in Representing Employees Who are Still Employed, Fall Seminar of the Florida Chapter of the National Employment Lawyers Association, September, 2004.

Developing Pretext Evidence, Fall Seminar of the Florida Chapter of the National Employment Lawyers Association, August 31, 2002.

Federal Litigation Training, a two- to three-day training for legal services lawyers. Trainer for various sessions in Connecticut, Massachusetts, Florida (design team member)  and Washington, D.C. from 1983 to 1999.

Basic Lawyering Skills Training, five-day trial advocacy training for new legal services lawyers.  Trainer for this event  in California, Connecticut, Florida and Massachusetts, from 1978  to 1999.

Supervision Skills, two- to three-day training in supervision and individual teaching skills for supervising attorneys, clerical work supervisors (member of design team), and other legal services staff.  Trainer for various sessions in California, Connecticut, Florida, Georgia, Ohio, New York and Illinois from 1983 to 1999.

Collaborative Advocacy Strategies, three-day seminar/workshop for experienced legal services lawyers in Southeastern states.  Black Mountain, North Carolina, November, 1994.  Design team member and lead trainer.

The Management Institute, a three-day seminar for legal services managers from the Southeastern Region.   Trainer for the June, 1991 event in Raleigh, North Carolina.

Litigation Director Training, a three-day national seminar for legal services litigation directors.  1986-89, Estes Park, Colorado.  Various roles including session leader, keynote speaker, lecturer, and small group facilitator.

Complex Litigation, trainer for  a two-day seminar on conducting and managing complex litigation.  Tampa, Florida, March, 1990.

Case Management, Planning and Discovery Training, a two-day event for legal services lawyers.  Orlando,  Florida, July, 1989.  Served as head of design team, then as lead trainer.

Employment Discrimination Law, a one-day training for legal services advocates.  Sole trainer at various sessions in Connecticut, Massachusetts and Florida, 1977-1999.

Adjunct professor, University of Hartford, 1977-79.  Taught course in basic legal research and legal principles for social service workers.